## NO ORAL ARGUMENT REQUESTED

No. 05-5089

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA
PLAINTIFF – APPELLEE

v.

ANTONIO J. ARMSTRONG
DEFENDANT – APPELLANT

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
CASE NO. 04-CR-202-JHP

STEVEN HIGHTOWER
Attorney for Antonio J. Armstrong
PO Box 14031
Tulsa, Oklahoma 74159
918-583-5113
918-583-5114 fax

TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUE S

JURISDICTION

STATEMENT OF THE CASE

STATEMENT OF FACTS

SUMMARY OF ARGUMENT

STANDARD OF REVIEW

ARGUMENT

STATEMENT REGARDING ORAL ARGUMENT

STATEMENT OF RELATED OR PRIOR RELATED APPEALS
CONCLUSION

ORDER DENYING MOTION TO SUPPRES

JUDGEMENT IN CRIMINAL CASE

# TABLE OF AUTHORITIES CASES

Page

United States v. Allerheiligen, 221 F.3d 1353,  (10th Cir. 1997)

United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999)

United States v. Diaz, 189 F.3d 1239. 1241 (10th Cir. 1999)

United States v. Jennings, 945 F.3d 129, 132 (10th Cir. 1999)

United States v. Padilla, 819 F.2d 952, 955 (10th Cir. 1987)

United States v. Lockhart, 923 F.2d 1314, 1320 (10th Cir. 1991)

United States v. Lott, 945 F.3d 129, 1231, 1240 (10th Cir. 1999)

United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973)

Schell v. Witek, 218 F3d 1017, 1025 (9th Cir. 2000)

United States v. Simpson, 152 F.3d 1241, 1251 (10th Cir. 1998)

United States v. West, 828 F.2d 1468, 1469 (10th Cir. 1987)

United States v. Wynne, 923 F.2d 760, 767 (10th Cir. 1993)


Supreme Court Cases:

Kumho Tires Carmichael, 526 U.S. 137, 147(1999)

Daubert v. Merrill Dow Pharm.,Inc, 509 U.S. 579, 592-93(1993)

## STATEMENT OF THE ISSUES

The District Court committed and abused its discretion in refusing to provide appellant with substitute counsel, grant a trial continuance and admitting inadmissible expert evidence at trial.

## JURISDICTION

Title 28 U.S.C. Sec 1291 gives circuit courts of appeal jurisdiction over all final judgments, which encompass criminal judgments and sentences.

## STATEMENT OF THE CASE

The district court abused its discretion by arbitrarily restricting appellant's sixth amendment rights to counsel, confrontation and compulsory witness process by refusing to appoint substitute counsel and denying appellant's request for a continuance. The District further committed error by admitting non-scientific expert inadmissible testimony.

## STATEMENT OF FACTS

On April 27, 2005, Oklahoma Northern District Case United States v. Antonio J. Armstrong Case No. CR-04-202. Appellant, Antonio J. Armstrong was indicted on two counts 1). Possession of a firearm after former conviction of a felony, pursuant to 18 USC 922(g) (1) and 924 (a) (2) and Possession with intent to distribute five grams or more of cocaine base, pursuant to 21 USC 841 (a) (1) and (b) (1) (B) (iii). These came matters came on for jury trial before the Honorable Judge Heaton On April 27, 2005.  Prior to commencing trial several pretrial discussions were held involving the court, the appellant and his lawyer. Through these discussions, appellant made it abundantly clear that substitute counsel should have been

appointed. (Tr. 4-31). Appellant's asserted that he was not apprised of any matters concerning trial and stated he did not have a pretrial conference. (Tr.28). At the outset of the these pretrial discussions counsel for appellant makes an oral motion for continuance.(Tr.4) Appellant clearly voice his dissatisfaction with his lawyer throughout the pretrial discussions and was denied a continuance and substitute counsel. Tr. (4,5,13,27). The District Court commenced the trial and impaneled a jury and the government began calling its witnesses for its case in chief. The District Court allowed evidence over the appellant's objection. (Tr.69).The government's witnessed who was presented as an expert gave testimony that in his expert opinion appellant Antonio J. Armstrong possessed crack cocaine for purpose of distribution.(Tr. 69,70). Appellant was convicted by jury on by jury on all counts and was sentenced to imprisonment to 120 months as to Count 1 and 150 months as to Count 2 both sentences to run concurrently.

### STATNDARD OF REVIEW

A review of a district court's refusal to substitute counsel is review for an abuse of discretion. <u>United States v. Beers</u> 189 F.3d 1297, 1302 (10th Cir. 1999).The review of a denial of a motion for continuance of trial is reviewed for abuse of discretion and "will find error only if the district court's decision was arbitrary or unreasonable and materially prejudiced the defendant." <u>United States v. Simpson</u>,152 F.3d 1241,1251 (10th Cir. 1998).

### SUMMARY OF THE ARGUMENT

The district court abused its discretion and impermissibly denied appellant substantial trial rights.

ARGUMENT

SUBSTITUTION OF COUNSEL

The District Court after conducting limited inquiry into the Appellant's request for new counsel concluded that there was nothing put forth to the Court for the Court to believe that substitute counsel was necessary. (Tr.13, 27) "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Lott, 310 F.3d 1231(10th Cir. 2002) citing United States v. Padilla,819 F.2d 952, 955 (10th Cir. 1987) Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney, United States v. Beers, 189 F.3d at 1302; rather, there must be a total breakdown in communications United States v. Doe #1, 272 F.3d 116,124 (2d Cir. 2001) See Lott at 1240.

If a defendant makes sufficiently specific, factually based allegations in support of his request for new counsel, the district court must conduct a hearing into his complaint. See Padilla, 819 F.2d at 956 n.1 ("[T]he district court should make formal inquiry into the defendant's reasons for dissatisfaction with present counsel when substitution of counsel is requested."); Doe #1, 272 F.3d at 123 (same); United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973) (same); United States v. Jennings, 945 F.2d 129, 132 (6th Cir. 1991) (same); Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991) (same); Schell v. Witek, 218 F.3d 1017,1025 (9th Cir. 2000) (en banc) (same). See United State v Lott, 310 F.3d 1231, 1253 (10th Cir. 2002).

In this case, the district court failed to adequately inquire and conduct a hearing into the totality of the appellant's request. The appellant persisted in his request for substitute counsel

throughout his colloquy with the court in pretrial conferences prior to the commencement of his trial (Tr.4-31). Appellant's frustration and unhappiness with his lawyer is clearly demonstrated throughout his discussion with the court (Tr.4-31). Appellant stated to the court the he and his attorney did not see eye to eye and they could not come to any agreements, and stated that his lawyer told him that he had no chance whatsoever. Appellant was of the opinion that his lawyer had quit before the trial even started. (Tr.9). Appellant also stated to the court that he and his counsel argued and that she was of the opinion that "he was nothing but a black man that totes guns and sells drugs.(Tr. 26). Appellant had also previously notified the court of his wishes to have counsel removed from his case by letter. (See Docket Entry 22). Counsel for appellant, also felt the attorney client relationship between herself and appellant was going nowhere and suggested that she be replaced with new counsel. (Tr.28).

The district court committed constitutional error in not holding a specific hearing with regard to appellant's allegations and his requests for new counsel. Nothing could be clearer from the record during the pretrial sessions that the appellant had no faith in his lawyer and did not believe he was getting represented. Appellant sixth amendment right to counsel was improperly infringed by being denied substitute counsel.

## DENIAL OF DEFENDANT'S REQUEST FOR CONTINUANCE

Appellant made an oral motion for a continuance on t he day of his trial which was denied by the district court. Appellant requested a continuance to have his lawyer find a key witness whom he deemed crucial to his defense, and requested time to have new counsel appear in his case. The Court denied the continuance on grounds that the he wasn't sure that the witness would ever be found and that he did not see a need for substitute counsel. Tr.(4,5,13,27) In

determining whether a denial of a motion for continuance is arbitrary or unreasonable, we consider various factors, including:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; (4) the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

United States v. Diaz, 189 F.3d 1239, 1241 (10th Cir.1999) citing United States v. Wynne, 993 F.2d 760, 767 (10th Cir. 1993) (quoting United States v. West, 828 F.2d 1468, 1469 (10th Cir. 1987)).

Appellant was subjected to extreme prejudice because he was effectively denied his Sixth amendment right to counsel and his sixth amendment right confrontation and compulsory process. The government objected to the requested continuance on the basis that they had been prepared for this case for some time. (Tr. 29) The Court also considered the request to find the appellants witness as speculative and further felt that new counsel was not necessary. (Tr.4,5,27) However, neither of these factors outweigh a substantive fair trial. Appellant clearly demonstrated, at the time of his pretrial conferences with the court, that there was absolutely no attorney client relationship, no attorney preparation to secure witnesses different and two very different beliefs as to what could be don in the case . The situation was one of having a lawyer which communication a had completely broken down and not being having a witness that would contradict or challenge one officer's contention that he saw appellant's stuffing illegal substances

into the sofa upon executing a search warrant.(Tr. 39,40.) The district court abused its discretion in refusing to grant the appellant's request for a continuance

## ADMISSION OF EXPERT TESTIMONY
## OVER APPELLANT'S OBJECTION

Government witness Sergeant Thomas Sherman's testimony was admitted in evidence as non- scientific expert testimony over the defendant's objection in regard as to whether appellant's possession of crack cocaine was for personal use or possessed for distribution. (Tr.69). A district court may allow expert testimony if the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The Supreme Court has held that Rule 702 imposes a special obligation upon a trial judge to ensure that all expect testimony, even non-scientific and experience-based expert testimony, is both relevant and reliable. See Kumho Tire Co. v. Carmichael, 526 U.S 137,147 (1999); Daubert v. Merrell Dow Pharm., Inc.,509 U.S. 579, 592-93 (1993). United States v. Allerheiligen, 221 F.3d 1353 (10th Cir. 2000). Quoting.

In Daubert, the Court stated that, in determining reliability, the trial judge may consider: (1) whether a "theory or technique . . . can be (and has been) tested"; (2) whether it "has been subjected to peer review and publication"; (3) whether, in respect to a particular technique, there is a high "known or potential rate of error" and whether there are "standards controlling the technique's operation"; and (4) whether the theory or technique enjoys "general acceptance within a relevant scientific community." 509 U.S. at 593-94. Id

Sergeant Thomas Sherman's testimony renders itself inadmissible as expert testimony. Sergeant Sherman testifies that drug use "its indicative of the individual. Its more responsive to--- each individual is different". (Tr.71) Sergeant Sherman also testifies as to a nexus between drug possession and distribution based on the size money of money bills present, but qualified his answer stating "it is one of the facets with which you can build the nexus to show or substantiate an individual is distributing cocaine base, or another product".(Tr.72). More incredibly, Sergeant Sherman testifies that he was not at the scene but only viewed a copy of the property receipt. (Tr.72). The government attempted to qualify Sergeant Sherman as an expert by having him state his vast training and experience. The items to which he testified to would vary from locale to locale and are highly unpredictable and require only observations and person knowledge. His training and experience are personal in nature and the testimony cannot be said to be reliable or the controlling standard use by anyone. Sergeant Sherman's testimony was extremely prejudicial to appellant for he was the only witness to testify to the charge of possession with intent to distribute. A jury certainly could believe that Sergeant Sherman's testimony deserved greater recognition and weight do to his expert designation

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument and feels that oral argument would not assist the Court.

## STATEMENT OF RELATED OR PRIOR RELATED APPEALS

Appellant initiated a pro se appeal under the case number included in the caption, to which the appeals court held in abeyance, until all district court matters were concluded.

## CONCLUSION

For the reasons stated, the Court should reverse the findings of the District Court as and abuse of discretion and order a new trial and new counsel for appellant Antonio J. Armstrong.

Tulsa, Oklahoma

Respectfully submitted,

/s/ Steven Hightower_____
Steven Hightower OBA 16437
Attorney for Antonio J. Armstrong
PO BOX 14031
Tulsa, OK 74159
918-583-5113
918-583-5114 fax

March 1, 2006

CERTIFICATE OF SERVICE

This is to certify that the foregoing brief and Appendix has been served this 1st day of March, 2006 by regular U.S. Mail with postage prepaid to;

Kevin Danielson
Assistant United States Attorney
110 W. 7th  Suite 300
Tulsa, Oklahoma 74119

/s/ Steven Hightower
Steven Hightower

March 1, 2006

Appellate Case: 05-5089     Document: 010117319     Date Filed: 03/02/2006     Page: 12